## DAMAGE TO LAND FROM DIVERSION OF WATER BY NEW BRIDGE.

### Circuit Court of Richland County.

### THE BALTIMORE & OHIO RAILROAD COMPANY v. M. ELIZABETH SIMPSON.

#### Decided, January Term, 1906.

*Negligence—Alleged in Construction of Bridge—Whereby Water was Diverted upon Plaintiff's Land—Proximate Cause.*

Recovery for damages to land by flood waters can not be had from a railway company for negligence in the construction of a bridge, where it appears that the flood was unprecedented, and also that other causes to produce the injury intervened and the building of the bridge was therefore not the proximate cause.

*Cummings, McBride & Wolfe,* for plaintiff in error.
*Kerr & LaDow,* contra.

DONAHUE, J.; McCARTHY, J., and TAGGART, J., concur.

Mrs. Simpson commenced her action against the Baltimore & Ohio Railway Co. for alleged negligence in that the company had, in the year 1899, changed the railroad bridge across a stream, and substituted therefor a new bridge, lowering the structure so as to obstruct the flow of water at flood times under the bridge, and so changing the character of the bridge from an open frame work to one with solid sides, that it narrowed or contracted the space through which the water could flow under said bridge, caus- ing it to back, and turning it to one side of the stream, and thence across to the other side of the stream, upon the other side of the bridge, throwing it against plaintiff's land, cut- ting a channel through her land and causing her great damage.

The situation as shown in the record is substantially as fol- lows: The railroad right-of-way extends in a northwesterly direc- tion. The public road runs for a distance parallel with the said railroad right-of-way, turns abruptly to the south, and crosses the stream in question. This fork of the Mohican creek runs in an easterly direction south of the field which was claimed to be injured, and turns to the east of said field. The railroad bridge, which was rebuilt in 1899, with the solid sides, the record shows rests upon the same abutments or piers that the old bridge with the open work rested upon, except that it is claimed, and the testimony tends to prove, that the pedestal stones or abutments were lowered about twenty-two inches; and that the solid sides of the new bridge extended down toward the bottom of the creek about the same distance that the rods of the old bridge extended.

The proof in this case unquestionably establishes the fact that this was an extraordinary flood. Plaintiff's own testimony con- vinces the court that such was the case. The defendant's testi- mony tends to establish the fact that it was an unprece- dented flood. The defendant could only be held to the exercise of such judgment in building its bridge as could reasonably and fairly anticipate the extent of the flood waters that had before that time been known along the line of that stream, and could not be called upon to build its structures so as to anticipate extraordinary or unprecedented floods. The defendant can not be called upon to respond for any injury resulting to plaintiff's

land which was not occasioned by its acts or failures to provide against matters which it could not have reasonably anticipated. The defendant can only be held liable and responsible for such injuries as approximately flow from its acts or omissions.

We have examined this record with exceeding care, and we are unable to see how the results are necessarily attributable or in any wise attributable to the acts of the defendant in building and erecting the bridge with the solid sides as claimed in the plaintiff's petition or as shown in this record. Assuming that the plaintiff's case shows that the bridge with its solid sides did retain the water and hold it back, prevented it from passing under the bridge as freely as the former bridge, yet we fail to see the casual connection between the damming of this water and the retarding of the flow of the water as shown in plaintiff's case, and the injury that resulted to plaintiff's land in consequence of the flowing of the water below the bridge after it had gone through and under the bridge; nor do we discover in this record that the evidence sustains the theory upon which it can be claimed that the building of this bridge in the manner it was constructed, was the proximate cause of the damages complained of by the plaintiff.

We think that a clear and explicit definition of the proximate cause and the proof essential to be submitted to a jury is found in the case of *Laidlaw* v. *Sage,* 158 N. Y., 173. The proximate cause of an event is that which in a natural and continued sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred; and the act of one person can not be said to be the proximate cause of an injury when the act of another person has intervened and directly inflicted it.

An accident or injury can not be attributed to a cause unless, without its operation, it would not have happened.

We can not say from the record in this case that this injury complained of by the plaintiff might not have happened even had the old bridge remained, nor can we attribute the accident or injury to the new bridge as built and maintained by the railroad company; nor do we think the evidence sustains plaintiff's claim in that behalf; and all such theory in reference thereto must be

but mere conjecture, so far as this record is concerned and this conjecture, the jury can not be permitted to indulge in.

We also call attention to the fourth paragraph of the syllabus in the case of *Laidlaw* v. *Sage, supra*:

"To justify the submission of any issue to the jury, there must be sufficient proof to sustain the claim of the party upon whom the onus rests; and mere conjecture, surmise, speculation, bare possibility, or a mere scintilla of evidence, is not enough."

And this is the holding of our own Supreme Court in the 63d O. S., at 236:

"To establish negligence there should be either direct proof of the facts constituting such negligence or proof of facts from which negligence may be reasonably presumed. There should be no guessing by either the court or the jury."

It appears in this record, and it is uncontradicted, that the bridge over the county road by this flood was washed out and lodged against the abutments of the railroad bridge, and that it in some way interfered or retarded the flow of the water, and diverted it, and turned it in the direction claimed by plaintiff. Here was an intervening cause, and we are unable to see how, from the evidence in this case, the injury could be attributed entirely to the defendant's negligence, if there was negligence, and for this intervening cause, the defendant was in no wise responsible. Reading again from the 158th N. Y., the eighth paragraph of the syllabus:

"When damages claimed in an action are occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show the damage produced by the former cause, and the jury must not be left to mere conjecture, and a bare possibility that the damage was caused in consequence of the act of the defendant is not sufficient."

Finding that the verdict in this case is contrary to the manifest weight of the evidence and contrary to law, we reverse this judgment at the cost of the defendant in error.

Judgment reversed. Exceptions entered, and the cause remanded to the court of common pleas for further proceeding according to law.